UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

RAHMEL WILLIAMS,

               Defendant.

---------------------------------------------------------------X

**OPINION & ORDER**
11-CR-016 (SJF)

FEUERSTEIN, J.

On April 30, 2012, defendant Ramel Williams ("defendant")[1] pled guilty, pursuant to a plea agreement, to a lesser-included offense of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base under 21 U.S.C. §§ 841((b)(1)(B)(iii) and 846 in a single count indictment. On September 10, 2012, this Court sentenced defendant to a term of imprisonment of seventy (70) months, to be followed by four (4) years of supervised release. Pending before the Court is defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, defendant's motion is denied.

**I.    Background**

Pursuant to the United States Sentencing Guidelines Manual (the "Guidelines") effective at the time of defendant's sentencing, defendant's base offense level was thirty (30). *See* United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(5). Three (3) levels were reduced based on defendant's acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b). Defendant was assigned a total offense level of twenty-seven (27) and a criminal history level of I, which

---

[1] Defendant's name is spelled incorrectly in the caption, *United States v. Rahmel Williams*, and all the papers filed in this Court. Defendant's name is actually spelled "Ramel" Williams. [DE 22, Obj. to PSR ("[T]he correct spelling of Mr. Williams [sic] first name is 'Ramel' not 'Rahmel'.")].

placed him in the then-applicable advisory Guidelines range of seventy (70) to eighty-seven (87) months of imprisonment followed by four (4) years of supervised release. Defendant's count of conviction also carries a mandatory minimum sentence of five (5) years, or sixty (60) months.

Upon consideration of, *inter alia*, all applicable factors under 18 U.S.C. § 3553(a) (the "§ 3553 factors"), and the Government's recommendation, I sentenced defendant to a term of imprisonment of seventy (70) months, to be followed by a period of supervised release for four (4) years.

Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to the mandatory minimum term of imprisonment of sixty (60) months. The government does not dispute that defendant is eligible for a limited sentence reduction under 18 U.S.C. § 3582(c)(2), but argues that a reduction of defendant's sentence is unwarranted.

## II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010); *see also United States v. Johnson*, 732

F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing.") Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," *Dillon*, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address . . . arguments regarding [other] errors at [the defendant's] original, now-final sentencing." *United States v. Mock*, 612 F.3d 133, 134-35 (2d Cir. 2010).

"The Supreme Court has set forth a 'two-step inquiry' for resolving motions pursuant to § 3582(c)(2) for a sentence reduction." *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013) (citing *Dillon*, 560 U.S. 817, 130 S. Ct. at 2683); *accord United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 . . . by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.*

At the second step of the *Dillon* inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." *Mock*, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to

any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. *See United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining ... whether a reduction in the defendant's term of imprisonment is warranted....")); *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (accord). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." *Freeman v. United States*, 131 S. Ct. 2685, 2694, 180 L. Ed. 2d 519 (2011).

### A. *Eligibility for a Sentence Reduction*

As relevant here, Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the Guidelines by reducing the offense levels in the Drug Quantity Table by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014, authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant would be released prior to November 1, 2015. *See United States v. Vargas*, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10(e) of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." *Wilson*, 716 F.3d at 52 (quotations and citation omitted); *see*

4

*also United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), *cert. denied by Bautista v. United States*, — S. Ct. —, 2015 WL 2256183 (Oct. 5, 2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. *See Freeman*, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

(a) Authority—

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment is listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment—

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making

> such determination, the court shall substitute only the amendments
> listed in subsection (d) for the corresponding guideline provisions that
> were applied when the defendant was sentenced and shall leave all
> other guideline application decisions unaffected.
>
> (2) Limitation and Prohibition on Extent of Reduction.— (A)
> Limitation.—Except as provided in subdivision (B), the court shall not
> reduce the defendant's term of imprisonment under 18 U.S.C.
> § 3582(c)(2) and this policy statement to a term that is less than the
> minimum of the amended guideline range determined under
> subdivision (1) of this subsection. (B) Exception for Substantial
> Assistance.—If the term of imprisonment imposed was less than the
> term of imprisonment provided by the guideline range applicable to
> the defendant at the time of sentencing pursuant to a government
> motion to reflect the defendant's substantial assistance to authorities, a
> reduction comparably less than the amended guideline range
> determined under subdivision (1) of this subsection may be
> appropriate. (C) Prohibition.—In no event may the reduced term of
> imprisonment be less than the term of imprisonment the defendant has
> already served.
>
> . . . .
>
> (e) Special Instruction.— (1) The court shall not order a reduced term of
> imprisonment based on Amendment 782 unless the effective date of the
> court's order is November 1, 2015, or later.

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment. *Freeman*, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, defendant's base offense level is eligible for a reduction from thirty (30) to twenty-eight (28). Applying the three (3)-level reduction for defendant's acceptance of responsibility that was applied at sentencing reduces defendant's total offense level from twenty-seven (27) to twenty-five (25). As defendant's criminal history placed him in Criminal History Category I, the amended Guidelines range that would have been applicable to defendant had Amendment 782 been in effect at the time of his sentencing is a term of imprisonment between fifty-seven (57) to seventy-one (71) months. The mandatory minimum

term of imprisonment for defendant's count of conviction remains sixty (60) months. Accordingly, defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced from seventy (70) to sixty (60) months. *See* U.S.S.G. § 1B1.10(b)(2)(A).

### B. *Whether a Reduction is Warranted*

The Government correctly notes, *inter alia*, that defendant's original sentence falls within the amended Guidelines range; I considered the applicable § 3553(a) factors at the time of defendant's sentencing and determined that a sentence of seventy (70) months in prison was appropriate; and those § 3553(a) factors, specifically the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant, have not changed.

Upon: (1) review of the presentence report ("PSR"), the addendum to the PSR, the objections to the PSR, and the parties' submissions on this motion; (2) reconsideration of the Section 3553(a) factors, particularly, *inter alia*: (a) the nature and circumstances of the offense and the history and characteristics of the defendant; and (b) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to promote respect for the law and to protect the public from further crimes of the defendant; and (3) consideration of the nature and seriousness of the danger that may be posed by a reduction in defendant's term of imprisonment and his disciplinary history while incarcerated,[2] I find that a reduction of defendant's sentence is not warranted under the circumstances of this case, particularly since defendant's sentence falls

---

[2] The Addendum to the PSR indicates that on August 23, 2014, defendant was absent from work without excuse.

within the amended Guidelines range.  Accordingly, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**III.     Conclusion**

For the reasons set forth above, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**                                     s/ Sandra J. Feuerstein
                                                    SANDRA J. FEUERSTEIN
                                                    United States District Judge

DATED:      October 19, 2015
            Central Islip, New York